IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUNICIPAL REVENUE SERVICES, INC. | : | |
| Plaintiff | : | MISCELLANEOUS ACTION |
| vs. | : | NO. 07-MC-0042 |
| XSPAND, INC., ET AL. | : | |
| Defendants | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                     JUNE 26, 2007

      Before the Court is Montgomery County's ("Montco's") motion to quash the subpoena of plaintiff Municipal Revenue Services. After hearing oral arguments and reviewing the briefs and responses thereto, the Court will deny the motion.

BACKGROUND

      The subpoena arises from a case plaintiff is litigating in the United States District Court for the Middle District of Pennsylvania concerning, *inter alia*, alleged Lanham Act violations relating to the Commonwealth of Pennsylvania's award of contracts to businesses that assist municipalities in collecting delinquent tax liens. See M.D. Pa. Case No. 05-CV-671 (JEJ). Plaintiff believes that Montco has information bearing on the subject matter of the litigation, and seeks to depose its County Commissioners to discover the same.

ANALYSIS

      Montco argues that the Court should modify or quash plaintiff's subpoena, claiming that plaintiff's counsel has a conflict of interest under Pennsylvania Rule of Professional Conduct 1.7(a). In the alternative, Montco asks the Court to disqualify plaintiff's counsel from

participating in the depositions the subpoenas seek pursuant to its inherent authority to regulate the attorneys who practice before it. See, e.g., In re Surrick, 338 F.3d 224, 230 (3d Cir. 2003). The alleged conflict arises from attorneys at plaintiff's law firm representing a medical services company that contracts with Montco by and through its insurance carrier to provide care for prisoners. The law firm appears in prisoner rights cases when Montco is alleged to have provided less than adequate medical care to incarcerated individuals.

Federal Rule of Civil Procedure 45(c)(3)(A)(iv) grants an issuing Court the power to modify or quash its subpoena for undue burden. In determining whether to quash or modify a subpoena, a court may consider factors such as the need of the requesting party for the discovery, the relevance of the information sought, the breadth of the request, and the witnesses' status as non-parties to the litigation. See In re Auto. Refinishing Paint Antitrust Litig., 229 F.R.D. 482, 495 (E.D. Pa. 2005). Disqualification of counsel is reserved for only the most serious indiscretions. Ex parte Burr, 229 U.S. 529, 530-31 (1824).

Typically, analysis of Rule 45(c)(3)(A) motions is similar to analysis of Federal Rule of Civil Procedure 26(c) motions for a protective order. See Fed. R. Civ. P. 45(c) advisory committee's note to 1991 Amendment (stating that Rule 45(c)(3) "tracks the provisions of Rule 26(c)."). Even in the cases where a court has sanctioned counsel for issuing a subpoena that imposes an undue burden on the answering party, the sanctions were in the nature of attorney's fees, not disqualification. See, e.g., Spencer v. Steinman, 179 F.R.D. 484, 487-89 (E.D. Pa. 1998). The Court is aware of no case modifying or quashing a subpoena based upon a violation of Rule 1.7, and it declines to be the first, especially in light of the Third Circuit's repeated admonishments concerning disqualification of counsel. See, e.g., Klein v. Stahl GMBH & Co.

2

Maschinefabrik, 185 F.3d 98, 108 (3d Cir. 1999) (*citing* Chambers v. NASCO, Inc., 501 U.S. 32 (1991)).[1]

Nonetheless, the Court believes that Montco raises valid conflict of interest issues, and should have the right to litigate the same in the proper forum. Although Montco properly sought to quash the subpoena before this Court, see Fed. R. Civ. Proc. 45(c)(3), the Court believes that the correct forum to assert the arguments Montco raises is the United States District Court for the Middle District of Pennsylvania, where the underlying matter that gives rise to this subpoena is currently proceeding. See In re Sealed Case, 141 F.3d 337, 343 (D.C. Cir. 1998) (approving the practice of denying a motion to quash but allowing the aggrieved party to seek Rule 26 relief in the underlying trial court). The trial court in this matter is better suited to parse the thorny issues any potential disqualification of counsel might involve, such as the scope of that disqualification and disqualified counsel's ability to cure the conflict by referring the work to another firm. Because the Middle District is the trial court, it is also better able to ensure that any relief is tailored to address the harm identified in the context of the overall litigation. See Republic of the Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 73 (3d Cir. 1994) (requiring tailored relief). Moreover, because Montco's counsel conceded at oral argument that Montco does not contest producing its Commissioners for deposition, but rather which law firm conducts the depositions, the subpoena itself is unopposed, and there is no longer any Rule 45 issue for this Court to decide.

---

[1] The case that Montco cites in support, United States v. Kitchin, 592 F.2d 900 (5th Cir. 1979), does not allay the Court's concerns because it concerned not only the propriety of counsel's conduct, but also the "difficult balancing of a criminal defendant's right to counsel of his choice and the public's interest in the integrity of the judicial process." Id. at 903.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MUNICIPAL REVENUE SERVICES, INC. | : | |
| Plaintiff | : | MISCELLANEOUS ACTION |
| vs. | : | |
| XSPAND, INC., ET AL. | : | NO. 07-MC-0042 |
| Defendants | : | |

**FILED** JUN 2 7 2007 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk

**ORDER**

AND NOW, this 26th day of June, 2007, afer oral argument, it is hereby ORDERED that the Motion to Quash (Document No. 1) is DENIED. Nothing in this Order shall prevent movants from seeking any relief they deem appropriate in the United States. District Court for the Middle District of Pennsylvania.

BY THE COURT:

_Thomas M. Golden_
THOMAS M. GOLDEN, J.